## IN THE CIRCUIT COURT OF HOLMES COUNTY, MISSISSIPPI

ALBERTA DAVENPORT, INDIVIDUALLY, AND
ON BEHALF OF THE HEIRS-AT-LAW AND
WRONGFUL DEATH BENEFICIARIES OF
WEBSTER DAVENPORT, DECEASED, AND
THE ESTATE OF WEBSTER DAVENPORT                    **PLAINTIFFS**

V.                                        CAUSE NO.: 2017-0094

ISD RENAL, INC. D/B/A DAVITA DIALYSIS
AND GREENWOOD LEFLORE HOSPITAL                     **DEFENDANTS**

---

### COMPLAINT
(Jury Trial Demanded)

---

This is a medical negligence case. Plaintiffs ALBERTA DAVENPORT, INDIVIDUALLY AND ON BEHALF OF THE HEIRS-AT-LAW AND WRONGFUL DEATH BENEFICIARIES OF WEBSTER DAVENPORT, DECEASED, AND THE ESTATE OF WEBSTER DAVENPORT, by and through their attorney, filed this Complaint for medical negligence against Defendants who negligently treated WEBSTER DAVENPORT and caused or contributed to her injuries and death.

### PARTIES

1. **Plaintiff Alberta Davenport (hereinafter Plaintiffs)** is an adult resident citizen of Holmes County, Mississippi, and resides at 14210 Martin L. King Drive, Tchula, MS 39169.

2. **Defendant ISD Renal, Inc. d/b/a Davita Dialysis (hereinafter Defendant Davita)** is a foreign corporation qualified to do business within the State of Mississippi, and it may be served with process of this Court by and through its registered agent, Corporation Service Company, at 5760I-55 North, Suite 150, Jackson, MS 39211.

EXHIBIT A

FILED
11:10 A.M. or P.M.
APR 11 2017
EARLINE WRIGHT-HART, CIRCUIT CLERK
BY Brenda Travis D.C.

3. **Defendant Greenwood Leflore Hospital (hereinafter Defendant GLH)** is a medical facility in Leflore County, Mississippi with a principal place of business at 1401 River Road, Greenwood, MS 38930. It may be served with process of this Court by and through its Executive Director, Jim Jackson, at 1401 River Road, Greenwood, MS 38930.

## JURISDICTION & VENUE

4. Jurisdiction and venue are proper in the Circuit Court of Holmes County pursuant to the Miss. Code. Ann. §11-11-1 as this claim for relief occurred and accrued at least in part therein.

## UNDERLYING FACTS

5. This is a claim for injuries and damages filed by Plaintiffs as a result of injuries sustained by Webster Davenport, Deceased. Prior to his death, Webster Davenport had been treating with physicians and medical professionals at Defendants Davita and GLH.

6. On or about June 29, 2016, Plaintiff was an invitee on Defendant Davita's premises for dialysis. During dialysis, lab work was performed and Mr. Davenport's vital signs were examined. Upon completion of his dialysis, Mr. Davenport was discharged. As Mr. Davenport attempted to walk down the steps towards his transportation, he collapsed to the ground. Mr. Davenport was not escorted by any employees to his mode of transportation; even though, the employees of Defendant Davita were aware of Mr. Davenport's extremely low blood count and hypotension.

7. Plaintiff was transported to Defendant GLH where he was diagnosed with an extremely low blood county, hypotension, and broken thigh bone. As a result of Defendant Davita's negligence, Plaintiff had to receive eight pints of Packed Red Blood Cell to be transfused. As a result of all the stress, Mr. Davenport developed multiple ulcers leading to Gastric Bleeding and a condition called Congestive Heart Failure, which is a condition Mr. Davenport would have suffered for the rest of his life. Dr. William Harper, Dr. Evans, Dr. Joseph Bennett, and Dr. Charles Nause in their medical opinion asserted that Mr. Davenport's fall was a result of his hypotension and extremely low blood count. Furthermore, it is the contention of the aforementioned physicians that Mr. Davenport's fall could have been prevented had someone escorted him to his vehicle. As a result of Defendant Davita's negligence, Mr. Davenport sustained injuries.

8. Further, on or about November 10, 2016, Mr. Davenport went to a doctor for the wound on his right heel. He was admitted to Defendant GLH for an inpatient debridement of the wound on his right heel. The debridement procedure took place on November 11, 2016. Mr. Davenport was released from GLH on Novemebr 13, 2016.

9. On or about November 14, 2016, Mr. Davenport presented himself to Defendant Davita for dialysis. Upon completion of dialysis, Mr. Davenport was unable to walk. As a result, Mrs. Alberta Davenport, Davenport's wife, was called to come pick him up. He was transported directly to Defendant GLH's Emergency Room where the attending ER Physician commented that Mr. Davenport had suffered a stroke. The attending physician commented that Defendant Davita ran dialysis on Mr.

Davenport even though they believed he had suffered a stroke. Mr. Davenport was admitted to GLH for an infection which was later determined to be sepsis.

10. Around November 22-24, 2016, Mr. Davenport's right leg was amputated because the wound on his right heel was gangrene and he became sepsis. After the amputation of Mr. Davenport's right leg, he remained in ICU until November 25, 2016 when he transferred back into a regular room only to be taken back to ICU on November 27th, 2016 due to an infection that was septic. As a result of Defendants' medical malpractice, medical negligence, and his injuries, Mr. Davenport expired on November 30, 2016.

## COUNT ONE
## MEDICAL MALPRACTICE

11. Plaintiffs adopt and re-allege the above and foregoing allegations set forth in paragraphs 1-10 of this Complaint and incorporates same by reference as if fully set forth herein.

12. At all times material hereto, Defendant Davita, its agents, servants, or employees, were under a non-delegable duty to:

   a. Properly manage and care for Webster Davenport during and subsequent to his dialysis;

   b. Tender timely and proper care to Webster Davenport;

   c. Consult with appropriate medical personnel, including specifically properly qualified physicians and medical specialists regarding the care and treatment of Webster Davenport;

    d. Render professional health care services to Webster Davenport consistent with the nationally recognized minimal acceptable standards of care and competency; and

    e. Exercise the degree of skill and care ordinarily exercised by physicians who practice medicine in this geographic area.

13. At all times material hereto Defendant, GLH, its agents, servants, or employees, were under non-delegable duty to:

    a. Attend to Webster Davenport and render and/or assure that he was rendered timely and appropriate care;

    b. Render professional health care services consistent with the nationally-recognized minimal acceptable standards of competency;

    c. Render professional health care services to Webster Davenport consistent with the nationally-recognized minimal acceptable standards of care and competency; and

    d. Exercise the degree of skill and care ordinarily exercised by hospitals within the State of Mississippi.

## COUNT TWO
## GROSS NEGLIGENCE

14. Plaintiffs re-allege and incorporate herein by reference each and every allegation stated in the preceding paragraphs.

15. Defendants' actions and conduct constitute gross negligence and reckless conduct under the laws of the State of Mississippi.

## COUNT THREE
## GENERAL NEGLIGENCE

16. Plaintiffs re-allege and incorporate herein by reference each and every allegation stated in the preceding paragraphs.

17. Plaintiffs allege that the Defendants Davita and GLH breached their duties of ordinary care, and proximately caused Plaintiffs' injuries.

18. As a direct and proximate result of Defendants' negligence, Plaintiffs sustained the resulting injuries.

19. At all times relevant herein, Decedent's injuries were under the exclusive care and control of the Defendants; said Plaintiffs did nothing to contribute to their injuries; and injuries of the kind suffered by Decedent are not the kind usually suffered in these circumstances without negligence.

## COUNT FOUR
## INTENTIONAL and/or NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

20. Plaintiffs re-allege and incorporate herein by reference each and every allegation stated in the preceding paragraphs.

21. As a direct and proximate result of Defendants' willful, intentional, grossly negligent, reckless, and fraudulent acts, Plaintiffs suffered severe mental and emotional anguish upon their mind, spirit, and body, anxiety, and stress. Defendants have caused the Plaintiffs to suffer from emotional problems and mental anxiety.

22. The reprehensible acts of the Defendants demonstrate grossly negligent and reckless conduct. As a direct and proximate result of Defendants' negligence, general negligence, reckless, and/or intentional acts and/or omissions, the Plaintiffs sustained the damages set forth herein and all damages that will be proved at trial hereon.

23. Defendants breached each of the duties set out above.

24. The negligence of the Defendant Davita and GLH, its physicians, nursing staff and other employees during the period complained of consisted of their breach, individually, and collectively, of all the aforementioned duties and caused or contributed to the injuries and death of Decedent.

25. As a direct and proximate result of Defendants negligence, Plaintiffs were significantly injured due to the above-described medical negligence of the Defendants. These injuries required medical care and other special treatment for Decedent, who died, but prior to death sustained medical bills, and Plaintiffs suffered physical and mental pain and anguish.

26. The Defendants, on the occasion of the wrongs and injuries herein, acted in reckless disregard for the rights and safety of Decedent, in breaching one or all of the duties outlined above, and this reckless misconduct of the Defendants disclosed a reckless indifference to the consequences of said acts.

27. The negligent conduct stated herein constitutes general negligence as defined by Mississippi law, and the Plaintiffs are therefore entitled to and assert a claim for punitive damages in an amount sufficient to punish and deter these Defendants and others like the Defendants from such conduct in the future.

## COUNT FIVE
## NEGLIGENT, GROSSLY NEGLIGENT, AND WANTON FAILURE IN HIRING AND TO MONITOR, TRAIN, AND SUPERVISE THE EMPLOYEES INVOLVED

28. Plaintiffs re-allege and incorporate herein by reference each and every allegation stated in the preceding paragraphs.

29. Defendants Davita and GLH were grossly negligent and/or wanton in failing to monitor the actions of its agents, servants, or employees. They further negligently and/or wantonly failed to train the aforementioned Defendants to properly care and treat the Plaintiffs and other similarly situated individuals. Defendants Davita and GLH failed to properly supervise the actions of its employees.

30. The resulting injuries of Plaintiffs were caused by Defendants. The Plaintiffs will show the following to wit:

    a. Defendants owed a duty to exercise the highest degree of care and diligence for the safety and well-being of its patients, specifically Decedent;

    b. Defendants failed to exercise the highest degree of care and diligence for the safety and well-being of its patients, specifically Decedent by failing to properly monitor and care for Decedent to prevent his injuries and subsequent death.

    c. If not for Defendants' failure, Plaintiffs would not have suffered these injuries.

    d. As a result of Decedent's death, Plaintiffs suffered damages, including but not limited to emotional and mental pain and suffering, loss of enjoyment of life, and all other damages.

### COUNT SIX
### RECKLESS DISREGARD

31. Plaintiffs re-allege and incorporate herein by reference each and every allegation stated in the preceding paragraphs.

32. Plaintiffs would show unto the Court that the Defendants, with reckless disregard for Decedent's health condition, took actions that placed Decedent's life in danger and ultimately caused his death.

33. Pursuant to Mississippi Code Annotated §15-1-36 and 11-46-1 et seq., Defendants were given prior notice of Plaintiffs' intent to sue.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs demand compensatory damages of and from the Defendants, for an amount that is within the jurisdiction limits of this court; the amount of compensatory damages exceeds Ten Thousand Dollars ($10,000.00) plus court costs; and Plaintiffs further request such other and further relief as they may be deemed entitled to under the premises.

RESPECTFULLY SUBMITTED, this the 4th day of ~~February~~ April, 2017.

ALBERTA DAVENPORT, ET AL., PLAINTIFFS

BY: *Carlos E. Moore*
Carlos E. Moore, MSB# 100685

OF COUNSEL:

TUCKER|MOORE GROUP, LLP
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: carlos@tuckermoorelaw.com

FILED
11:00 A.M. or P.M.
APR 1 1 2017
EARLINE WRIGHT-HART, CIRCUIT CLERK
BY_____ D.C.

## IN THE CIRCUIT COURT OF HOLMES COUNTY, MISSISSIPPI

ALBERTA DAVENPORT, INDIVIDUALLY, AND
ON BEHALF OF THE HEIRS-AT-LAW AND
WRONGFUL DEATH BENEFICIARIES OF
WEBSTER DAVENPORT, DECEASED, AND
THE ESTATE OF WEBSTER DAVENPORT          **PLAINTIFFS**

V.                                       CAUSE NO.: 2017-0094

ISD RENAL, INC. D/B/A DAVITA DIALYSIS
AND GREENWOOD LEFLORE HOSPITAL           **DEFENDANTS**

### CERTIFICATE

Pursuant to §11-1-58 of Mississippi Code of 1972 as amended, the undersigned attorney declares that he has conducted that there exists a reasonable basis for filing the attached Complaint based on a consultation with at least one qualified expert, who meets the criteria set forth in §11-1-58 of Mississippi Code of 1972.

RESPECTFULLY SUBMITTED, this the 4th day of April, 2017.

ALBERTA DAVENPORT, ET AL., PLAINTIFFS

BY: _____
Carlos E. Moore, MSB# 100685

---

**OF COUNSEL:**

**TUCKER|MOORE GROUP, LLP**
306 Branscome Drive
P. O. Box 1487
Grenada, MS 38902-1487
662-227-9940 – phone
662-227-9941 – fax
Email: carlos@tuckermoorelaw.com

FILED
11:00 A.M. or P.M.
APR 11 2017
EARLINE WRIGHT-HART, CIRCUIT CLERK
BY _____ D.C.